JOHN DOE, *ex dem.* of HANBY and Doss, plaintiff in error, *vs.* RICHARD ROE, *cas. ejector*, and SARAH E. TUCKER, tenant in possession, defendant in error.

[1.] A Sheriff's deed to land which lies out of his county, is void.

[2.] In an ejectment, it became a question, whether a purchase, of the land, by the tenant's husband, from one of the lessors of the plaintiff, had not been rescinded; and the plaintiff offered evidence, to show, that a bond was once made by that lessor to the tenant's husband, with conditions, that he should make titles to the land in suit to the husband, on being paid certain sums ; and to show, that this bond was in the possession of such lessor. *Held*, that the evidence was admissible.

[3.] The execution of a commission, to take testimony¨ on interrogatories, is not *void*, although, in the return of the commission, there is no statement of the place at which, the commission is executed.

Ejectment, in Clay Superior Court. Tried before Judge KIDDOO, at March Term, 1857.

This was an action of ejectment by Doe, upon the several demises of Absalom Hanby and Azariah Doss, against Roe, casual ejector, and Sarah E. Tucker, tenant in possession,

Hanby and Doss vs. Tucker.

for the recovery of a lot of land, No. 383, in the seventh district of originally Lee county.

Plaintiff offered and read in evidence a grant from the State to Absalom Hanby, for the lot in dispute, dated 24th January, 1828.

Plaintiff next offered in evidence, an execution in favor of Edmund Hanby vs. Absalom Hanby, and a deed by the Sheriff of Lee county, to William Hardin, who purchased said land at Sheriff's sale, made under and by virtue of said execution. Sheriff's deed dated 6th January, 1829.

The Court rejected the deed, and plaintiff excepted.

Plaintiff next offered a deed, from William Hardin to Azariah Doss, dated 9th July, 1838.

The depositions of Milton B. Doss, a witness residing in the State of Alabama, were offered, but excluded by the Court, on the ground that it was not stated and did not appear in what county said depositions were taken.

To which ruling plaintiff excepted.

Plaintiff then offered in evidence a bond made by Azariah Doss to A. G. Tucker, the husband of defendant, for titles to said lot, and proposed to prove that said bond was in the handwriting of A. G. Tucker. The object being to sustain and corroborate the testimony of McKendree Tucker, that these was a recision of the contract between Tucker and Doss for the sale of said lot of land.

The Court rejected the bond, and plaintiff excepted.

The Jury found for the defendant. Whereupon, plaintiff moved for a new trial upon the following grounds:

1st. Because the Court erred in ruling out the Sheriff's deed to William Hardin. The plaintiff proposing to prove by *parol testimony,* that said bond was sold by the Sheriff of Randolph county, and at the usual place of Sheriff's sale.

2d. Because the Court erred in ruling out the bond made by Doss to A. G. Tucker, when the plaintiff proposed to prove that said bond was in the hand-writing of A. G. Tucker.

3d. Because the Court erred in ruling out the depositions

of Milton B. Doss, because the commissioners did not state in what county in the State of Alabama the commission was executed.

4th. Because the verdict was contrary to law.

5th. Because the verdict was contrary to evidence.

The Court refused the motion for a new trial, and plaintiff excepted.

TUCKER & BEALL, and FLEMING LAW, for plaintiff in error.

DOUGLASS & DOUGLASS, represented by HOOD, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court below right in rejecting the deed made by Starkie Collins, as Sheriff, to William Hardin?

This deed bore date the 6th of January, 1829. On the 20th day of December, 1828, what is now the county of Randolph was cut off from the county of Lee. *Daw. Com.* 138. The deed, therefore, was made after the creation of the county of Randolph. The land mentioned in the deed lies in the part of Lee that was created into Randolph. It is recited in the deed that Collins was the Sheriff of Lee county; that as the Sheriff of that county, he had seized and sold the land; and that the sale was made on the first Tuesday in January, 1829, and at the place of public sales in the county of Lee.

The question is, did Collins, as Sheriff of Lee county, have authority to make the deed?

We think that he did not.

"It shall not hereafter be lawful for any Sheriff within this State, to levy upon or sell any land which lies out of the county of which he is Sheriff," says an Act of 1808. *Cobb's Dig.* 509.

But the plaintiff offered, it seems, to prove by parol, that Collins was the Sheriff of Randolph county.

Hanby and Doss vs. Tucker.

Ought such evidence to have been received? and if it had been received, would it have done the plaintiff any good?

The evidence would have contradicted the recitals in the deed; they say that Collins was Sheriff of Lee. And even if we admit that they were made by mistake or ignorance of a law, it is questionable whether they are subject to be contradicted in this way.

But suppose they are; suppose it had been shown, that Collins was the Sheriff of Randolph. Then that would have been shown which would have been equally fatal to the deed, for the deed is a deed made by him, not as Sheriff of *Randolph*, but, as the Sheriff of *Lee*; and is a deed made by him, on a sale that took place, at the place of public sales in *Lee*, and not at any place in *Randolph*; indeed, at the time of the sale, Randolph, though cut off, had not been organized as a county, and therefore, could have had no appointed place of public sales.

[1.] Collins, then, had no authority to make the deed, and, consequently, the deed was void. Being void, it was proper, that it should be excluded from the jury.

Whether this sale is one which might be set up, in equity, upon the principal of, acquiscence, or ratification, by all parties, is a question not raised in this case.

]2.] Was the rejection of the bond for titles proper?

It seems, that A. G. Tucker, the husband of Sarah E. Tucker, the tenant in the ejectment, acquired the possession of the land, from Azariah Doss, one of the lessors of the plaintiff; that he acquired that possession from Doss, by purchasing the land from Doss; that the possession of Sarah E. Tucker, is one which she acquired on the death of A. G. Tucker, her husband, as successor to him; in short, it seems, that she derives all her rights from Doss, through her husband.

It also seems, that it was a question in the case, whether the purchase by the husband from Doss, had not been cancelled by him and Doss.

Now if the purchase was cancelled by them, the effect was to give Doss the right to retake the possession of the land from Tucker, and from all claiming under him; therefore from Tucker's wife.

This being so, Doss had the right to show a cancellation of the purchase, if he could. And, to show a cancellation of the purchase, it was of course necessary or at least proper for him to show the contract of purchase,—that is, to show the thing cancelled.

Now, this bond was certainly evidence of *a* contract of purchase, by which A. G. Tucker purchased the land in question. It was therefore, admissible to the jury; for the question, whether it was evidence of *the* contract of purchase,—that is the cancelled one, if there was a cancelled one, was a question for the jury.

Again, the bond was in the possession of Doss. How did it get there? By a performance of the condition of it or, by a cancellation the contract of purchase? If in the former way, then, Tucker got a deed from Doss, when he gave up to Doss, the bond. Now, Mrs. Tucker showed no such deed. From all which, an argument of more or less force, may be drawn, that Doss got possession of the bond in the other way, that is, by a cancellation of the contract of purchase.

We think, then, that the bond, on being proved, was a thing admissible in evidence; and therefore, that the Court erred, in holding it not to be admissible.

We know of no law that makes *void* the execution of a commission to take testimony, unless, the place of the execution is stated in the return to the commission. It is no doubt true, that the statement of this place in the return, is a thing that may be useful in various ways, yet, we cannot say, that we know of any law that makes such a statement indispensible.

[3.] We think, therefore, that the Court erred in not permitting the interrogatories of William B. Doss to be read.

The grounds of the motion for a new trial, except the two

last, are but a repetition of the grounds that have been considered. And it is not necessary to consider the two last, as a new trial is to be granted on the grounds already considered.

Judgment reversed.