BENJAMIN WILLINGHAM, plaintiff in error, vs. SESSIONS FAIRCLOTH, defendant in error.

1. By the express provisions of section 3888 of the Code, the place where interrogatories are executed should appear.

2. If the owner of land rents it to one person for the year at a specified price, the relation of landlord and tenant exists between them by contract, and the landlord has the right, under the Code, to sue out a distress warrant against such person for rent due and unpaid, although he may have permitted another party to use and occupy the premises.

Distress warrant.   Landlord and tenant.   Interrogatories. Before RICHARD HOBBS, Esq., Judge pro hac vice.   Baker Superior Court.   October Term, 1873.

Faircloth sued out a distress warrant against Willingham for $750 00 rent, alleged to be due him.   A levy was made and a counter-affidavit filed by the defendant.

In the course of the trial upon this issue the plaintiff proposed to read in evidence the answers of B. W. Bledsoe to a set of interrogatories propounded to him.   Exceptions had been previously filed to these answers by the defendant, on the ground that the return of the commissioners did not show that the witness was sworn to give his testimony in this case, or where he was sworn.   The exceptions were overruled, and defendant excepted.

The testimony disclosed, in substance, the following facts :

About the 1st of April, 1865, defendant and one S. P. Mayner, went to see plaintiff in reference to renting land from him.   The interview resulted in either defendant's or May-

ner's renting two hundred and fifty acres of land from the plaintiff, for the year 1865, at $3 00 per acre. As to which of the two rented the land the evidence was very conflicting. It was equally conflicting as to whether the rent was to be paid in Confederate money, or in the currency that might be in circulation in the fall of the year 1865. The land was in fact cultivated during that year by Mayner.

The defendant requested the court to charge the jury that if the contract for the rent of said land was made between the plaintiff and the defendant, and the latter permitted another party to use and occupy the premises, a distress warrant would not lie against the defendant, but that the remedy of the plaintiff was by an action for damages. The court refused said request and charged to the contrary, as follows : "If the jury found from the evidence that there was a contract for rent between the plaintiff and the defendant, then the defendant could not turn over the property rented to another without notice to the plaintiff." To which refusal to charge, and the charge as given, defendant excepted.

The jury found for the plaintiff $500 00, with interest from January 1st, 1866. The defendant moved for a new trial because of error in overruling the exceptions to the interrogatories aforesaid, in the refusal to charge, and in the charge as given. The motion was overruled, and he excepted.

VASON & DAVIS, for plaintiff in error.

WILLIAM E. SMITH, for defendant.

TRIPPE, Judge.

1. Is it necessary that the place where interrogatories are executed should appear ? Before the adoption of the Code it was held that this was not necessary, at least that the execution of the commission, without this statement, was not void: *Hanby & Doss vs. Tucker*, 23 *Ga.*, 132. It is said in that decision " that the statement of the place in the return is a thing that may be useful in various ways, yet we cannot say that we

Willingham *vs.* Faircloth.

know of any law which makes such a statement indispensable. " At that time there was no special statutory provision on this point. Section 3888, of the Code, now provides that " they (the answers) should be signed by the witness and attested officially by the commissioners named in the commission, and the *place of execution should also appear.* " This determines the question, for we do not feel at liberty to say that what the law requires may be dispensed with.

2. The main question argued in this case was, if Willingham did rent the plantation from Faircloth at a stipulated price, and then permitted Mayner to occupy and work it, has Faircloth the right to sue out a distress warrant against Willingham for the rent due and unpaid ? However this may have been under the common law, we think the Code determines it in the affirmative. Section 2279 is : " Where the owner of lands grants to another simply the right to possess and enjoy the use of such lands, either for a fixed time or at the will of the grantor, and the tenant accepts the grant, the relation of landlord and tenant exists between them. " How can it affect this relation thus made by contract, that the tenant created by the contract permits another person to occupy and cultivate the lands ? He had no right to sub-let, unless by the landlord's consent. But he might do this without the knowledge of the landlord, and shall the landlord, therefore, lose his rights as such ? Many of the incidents attached by the common law to the relation of landlord and tenant, and to the law of distress, do not exist under our statutes, nor do we think there is anything in this decision in conflict with the cases in 40 *Georgia.*, 511, and 46 *Ibid.*, 395.

A new trial is granted on the ground of error in overruling the exception to the interrogatories.

Judgment reversed.